HOOD, Judge.
Plaintiffs, Mr. and Mrs. Clarence T. Be-noit, claim damages for personal injuries allegedly sustained by them as a result of a two-car motor vehicle collision. One of the automobiles was owned by plaintiffs and was being driven by Mr. Benoit. The other was owned by Champ Auto Sales, Inc., and was being driven by Mrs. Helen G. Boagni. The suit was instituted against Champ Auto Sales, Mrs. Boagni and Grain Dealers Mutual Insurance Company, the latter being the insurer of the Boagni automobile. Judgment on the merits was rendered by the trial court in favor of plaintiffs, awarding Mr. Benoit $781.94 and awarding Mrs. Benoit $750.00. Plaintiffs have appealed.
The sole issue presented is whether the award made to either of the plaintiffs is inadequate and should be increased.
The accident occurred on August 16, 1965, at the intersection of a four lane highway and an inferior street, in St. Landry Parish. Plaintiffs were in their automobile, traveling south on the highway, with Mr. Benoit driving and Mrs. Benoit seated on the front seat to the right of the driver. As they were traversing the above mentioned crossing the left side of their car was struck by the front of the Boagni automobile, which at that time was traveling west on the intersecting street. Both cars were badly damaged as a result of the collision.
Immediately after the accident occurred Mr. and Mrs. Benoit were taken to a hospital in Opelousas, where they were examined and treated by Dr. A. E. Williams, a general practitioner. Mr. Benoit was not confined to the hospital, but was released by the doctor immediately after he received first aid treatment. Mrs. Benoit remained in the hospital under the treatment of Dr. Williams for two days, being discharged from the hospital on August 18, 1965.
Mr. Benoit is a barber and he also operates a restaurant. He continued to work as a barger and to operate the restaurant after the accident, without interruption. He testified that as a result of the accident he sustained injuries to his left shoulder, elbow and arm, his ankles and his knee, he stated that the day after the accident occurred his leg was “kind of swollen,” that he felt stiff and that his arm and side were hurting. He said that the swelling in his leg went down in about two weeks, and that thereafter his hip began hurting. At the present time he complains of pain in his left shoulder and in his left hip and ankle after he has worked as a barber for several hours at a time.
Dr. Williams testified that immediately after the accident occurred Mr. Benoit complained of headaches, pain in his right *612 elbow and an injury to his left knee. An x-ray examination was made with negative results. The only signs of injury which the doctor was able to find were “contusion to the left elbow” and “a small laceration on the left knee which was cleaned and repaired.” The knee injury was classified as a “minor laceration,” requiring no stitches, and all of the injuries were described by the doctor as being “superficial.” He did not see or treat Benoit again after administering first aid treatment immediately after the accident occurred.
Mr. Benoit was examined and treated by Dr. Richard G. Saloom, also a general practitioner, on September 30, 1965, and on five other occasions thereafter, the last examination having been made by that doctor on May 2, 1967. On his initial examination, Dr. Saloom found abrasions of both knees and a deep ulcer-like abrasion over the right shin. Plaintiff, of course, had never complained of an injury to his right shin, and Dr. Williams had found none. He recovered from these injuries quickly and without incident, but Dr. Saloom testified that in an examination which he made on January 6, 1966, Benoit for the first time complained of pain in his left hip, plaintiff stating that his hip had been hurting him for four or five days prior to the date of that examination. Dr. Saloom felt that plaintiff’s hip complaints were not caused by the accident, but instead were due to a posture defect and obesity.
Dr. Norman P. Morin, an orthopedic surgeon, examined Benoit on February 1, 1967. He found no objective signs of injury, and no residual evidence of orthopedic disability which could have resulted from the accident of August 16, 1965. He concluded that Benoit had fully recovered from any injury which he might have sustained in such an accident.
Dr. Blaise Salatich, also an orthopedic surgeon, examined Benoit on October 10, 1967. X-ray and neurological examinations made at that time were negative as to injury. Based largely on this plaintiff’s history and subjective complaints, however, Dr. Salatich concluded that as a result of the accident Benoit sustained an abrasional wound of the forehead, and contusional injuries to the left shoulder, left hip, left knee and left ankle. He found that the last mentioned injuries were accompanied by “residual disfunction and pain.”
The trial judge concluded that the only injuries which Mr. Benoit sustained as a result of this accident were those described by Dr. Williams. He stated, “These injuries were superficial only, of short duration, nondisabling, and did not require further medical attention. The other complaints made at a later date by Mr. Benoit are not supported by the evidence as resulting from the accident.” He thus awarded Mr. Benoit general damages of $75.00 for pain and suffering, plus special damages consisting of all medical expenses incurred for the treatment of his injuries and those sustained by his wife, and damages to his automobile.
As we have already indicated, Benoit’s only substantial complaint relates to pain in his hip. That pain, however, did not manifest itself enough for him to tell his treating physician about it until more than four months after the accident occurred. We feel, as did the trial judge, that the evidence fails to show that Be-noit's hip condition was caused by the accident. In our opinion the award which was made to Benoit as general damages for pain and suffering was not so inadequate or so out of proportion to other awards made in similar cases as to constitute an abuse of the discretion which is vested in the trial court. We also find that the award of special damages made to Mr. Be-noit was correct. The judgment will be affirmed, therefore, insofar as it relates to that plaintiff.
Mrs. Benoit testified that immediately after the accident occurred she had a bad headache and was nervous and shaking, and that when she was released from the *613 hospital two days later she suffered pain in her legs, in her knee and in the lower part of her back. She sought additional medical treatment two days after being released from the hospital because, according to her testimony, she suffered pain in her neck, her arms were weak, she experienced numbess in her fingers and she had' a ringing in her head. At the time of the trial she complained of pain in her neck and back, “pins and needles” in her hand, a ringing in her ears, and dizziness when she bent over and moved her head from side to side.
Dr. Williams testified that Mrs. Benoit complained only of a severe headache during the two days he treated her, and that she had no other complaints. He found no objective signs of any injury, but because of her complaints he admitted he'r to the hospital for observation. The treatment which he administered consisted of drugs to relax her and to relieve the headaches. He has not seen her since she was discharged from the hospital.
Dr. Saloom examined and treated Mrs. Benoit initially on August 20,. 1965, and on eleven other occasions thereafter, his last examination having been made on May 2, 1967. When he first saw her, she complained of occipital headaches, back pain, neck pain, and pain in the rib cage which was aggravated by coughing and deep breathing. The doctor found no bruises or abrasions of any kind, and his clinical and x-ray examinations revealed no other signs of injury, except that he could detect a “possible spasm” in the cervical region during the “first few days”. He administered treatment, consisting chiefly of analgesics and ultra sound to the neck, and he testified that she became relieved of her symptoms in the back and rib cage within a period of about six weeks after the accident. Thereafter her complaints were largely of headaches and pain in her neck. The doctor stated that as of June 14, 1966, her headaches were occurring about once every three days, and that they diminished considerably by September 8, 1966. Dr. Saloom concluded that Mrs. Benoit did not sustain a cervical injury, but felt that the headaches which she experienced were post-traumatic.
Dr. Morin examined Mrs. Benoit on February 1, 1967. He found nothing which could account for her complaints, and he concluded that she had completely recovered from any injury which she may have sustained on August 16, 1965.
Dr. Salatich examined Mrs. Benoit on October 10, 1967, and concluded that she sustained a “whiplash type neck injury,” a “whiplash type low back injury,” and a “contusional type injury of head, possible cerebral concussion of short duration.” He described her injuries, however, as being “a minimal lumbosacral syndrome bilaterally and a moderate cervical syndrome bilaterally, more outstanding on the left side.”
Mrs. Benoit also was examined by Dr. Paul J. Azar, an eye specialist, on April 6, 1966. Dr. Saloom had referred her to this specialist because of her continued complaints of headaches. The eye specialist could find no pathology which in any way could be associated with the accident, and he thus concluded that this plaintiff had no residual injury from that accident.
The trial judge concluded that Mrs. Be-noit sustained injuries to her neck and to her rib cage, and that she suffered headaches as a result of the accident. The judge, however, would not accept her testimony as to the extent of the pain she had suffered from the headaches, and he concluded that the evidence failed to establish that she suffered any pain after September 30, 1965. He awarded her $750.00 for her pain and suffering.
We find no error in the trial judge’s conclusions as to the extent of Mrs. Benoit’s injuries, and in view of those findings we think the award made to her for her pain and suffering is fair and adequate.
*614 For the reasons herein assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff s-appellants.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.